**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL CURTIS REYNOLDS.,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:20-2178** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN WILLIAMS** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner, Michael Curtis Reynolds, an inmate confined in the Federal Correctional Institution, Greenville, Illinois, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner challenges his 2007 conviction and sentence for multiple terrorism-related crimes, imposed by the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Additionally, Reynolds requests a Court Order, directing that he be moved "to the Harrisburg holding facility today" or "release ASAP" due to "risk of exposure to and repeated exposure due to SCI-Greenville's actions under unlicensed 'Doctor' Ahmed' to COVID-19 again and again." Id.

Respondent filed a response to the petition on January 16, 2021. (Doc. 17). Although provided an opportunity to file a traverse, Petitioner has not filed a traverse. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

Reynolds was found guilty by a jury of "multiple terrorism related criminal offenses" in July 2007, in the Middle District of Pennsylvania. See Reynolds v. United States, Civil No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Civil No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also United States v. Reynolds, Criminal No. 05-CR-493 (M.D. Pa.). The convictions were for attempting to provide material support to a foreign terrorist organization (18 U.S.C. §2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. §§2339A(a) & 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. §373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. §842(p)(2) ); and possession of a grenade (18 U.S.C. §§5841, 5861(d), & 5871). (Doc. 297, United States v. Reynolds, Case No. 05-CR-493 (M.D. Pa.) ). He was sentenced to a total of 360 months. Id.

On March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Reynolds' convictions. United States v. Reynolds, 374 Fed.Appx. 356 (3d Cir. 2010). See also Reynolds v. United States, Case No.

18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018).

Reynolds' original attempt to collaterally attack his conviction under 28 U.S.C. §2255 was dismissed on the merits on August 15, 2012. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.). He then filed several successive §2255 petitions without obtaining authorization from the Third Circuit, all of which were dismissed. See Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also United States v. Reynolds, Appeal No. 13-4195 (3d Cir. Feb. 12, 2014). Reynolds additionally filed "multiple unsuccessful §2241 petitions" in the Middle District of Pennsylvania, in which he challenged the legality of his federal prosecution. Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also Reynolds v. Bledsoe, Case No. 08-cv-909 (M.D. Pa.); Reynolds v. Kosik, Case No. 08-cv-293 (M.D. Pa.); Reynolds v. Martinez, Case No. 08-cv-2094 (M.D. Pa.).

In 2018, Reynolds filed two actions in the Middle District of Pennsylvania, both invoking Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), to urge the court to set

aside its judgment as having been obtained by fraudulent means. In the first, the court construed the action as a habeas petition pursuant to §2241. Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018). Reynolds raised numerous claims, including:

> (1) It was physically impossible for him to have committed an e-mail crime within the confines of this district; (2) a prosecution witness was coerced; (3) false statements and testimony by an FBI agent was used to obtain his conviction; and (4) illegally seized evidence was used against him.

Id. at Doc. 5, p. 3. The court found that Reynolds' claim for relief did not fall within the "safety-valve" clause of 28 U.S.C. §2255(e) such that it was cognizable in a §2241 action and dismissed the case without prejudice. The court explained that even though he claimed, "actual innocence," Reynolds did not argue that his conduct was no longer criminal because of a change in the law subsequent to his conviction. He also failed to show that he could not have presented his claims in the context of a §2255 action. Id. at Doc. 5, p. 5.

The court analyzed Reynolds' second Hazel-Atlas petition as a civil rights claim, and in the alternative as a habeas action under both §2241 or §2255. Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018). In dismissing the case without prejudice, the court reasoned that Reynolds could not seek release in the context of a civil rights claim;

failed again to bring a §2241 claim that would fit within the narrow window of the 28 U.S.C. §2255(e) "safety-valve;" and could not proceed with the action under §2255 because he had not obtained authorization from the court of appeals for a successive §2255 motion.

By Order dated October 10, 2018, the United States Court of Appeals granted Reynolds' application under 28 U.S.C. §§2244 and 2255 to file a second or successive §2255 motion, in light of United States Supreme Court's decisions in Sessions v. Dimaya, 138 S.Ct. 1204 (2018), Welch v. United States, 136 S.Ct. 1257 (2016), and Johnson v. United States, 135 S.Ct. 2551 (2015). In re: Michael Curtis Reynolds, C.A. No. 16-4143. The Third Circuit directed that Reynolds' application be transferred to the Middle District and that the parties should discuss, among other relevant issues, the significance of the Third Circuit's recent decision in United States v. Green, 898 F.3d 315 (3d Cir. 2018). Id.

By Memorandum and Order dated September 26, 2019, the late Honorable A. Richard Caputo, relying on the concurrent sentence doctrine, denied Reynolds' authorized successive §2255 motion finding that his claim for relief was not actionable because his custody status would not change even if the proposed relief was granted. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 662, at 4). Specifically,

Judge Caputo found that any challenge to Count 4 would not affect Reynolds' custody seeing that defendant was also lawfully sentenced at Counts One, Two, Three, and Six, all counts which were not impacted by the Supreme Court's decisions in Dimaya, Welch, and Johnson. Id.

Additionally, in the same decision, Judge Caputo also denied approximately forty (40) additional motions for relief Reynolds had filed between October of 2018 and September of 2019. Each of these requested similar relief regarding the defendant's actual innocence. Judge Caputo construed each of these motions as second or successive motions under 28 U.S.C. §2255 and dismissed them for being filed without prior authorization. Id.

On November 2, 2020, Reynolds filed, in his criminal case, a one hundred and eighty-nine (189) page motion under 18 U.S.C. §3582(c)(1)(A) requesting a sentence reduction for extraordinary and compelling reasons and his immediate release from the custody of the Bureau of Prisons (BOP).[1]

---

[1] The Covid-19 claim for relief constitutes a small percentage of the lengthy motion. While the factors related to the Reynolds' health are mentioned in both the beginning and conclusion of the motion, and there is a brief six-page interlude in Pages 59-65 of the motion about conditions in FCI-Greenville, the remainder of the 182 pages of the motion re-argue the defendant's legal challenges to his trial and sentence, including the issues decided in Reynolds' previous §2255 motions described above.

In the motion, Reynolds claims that the staff at FCI-Greenville are not complying with COVID-19 restrictions thereby placing his health and life at risk. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 691).

On November 20. 2020, Reynolds filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He raises the identical COVID-19 claims he raised in his 18 U.S.C. §3582(c)(1)(A) motion, as well as raises the same collateral attack on Count 4 of his conviction. Id.

By Order dated February 10, 2021, this Court denied Reynolds' motion for reduction of sentence under 18 U.S.C. §3582(c)(1)(A) as follows:

> First, the court finds that the defendant has not sufficiently shown extraordinary and compelling reasons for compassionate release based on his age, 62 years old, and his medical conditions, including his alleged heart murmur issues, which do not appear to render him susceptible to suffer serious complications if he does contract the COVID-19 virus once again. (See Doc. 711, defendant's BOP medical records). Reynolds' recent December 2, 2020 medical exam indicates that his pulse was within normal limits and his heart had regular rate and rhythm. (Doc. 722-1 at 32). Reynolds also raises concerns related to being incarcerated during the pandemic and the alleged unsafe conditions at the federal prison (FCI-Greenville). There are currently only 13 inmate positive cases at the prison and three staff positive cases, and 764 inmates, including the defendant, have recovered from the virus. There have been no inmate deaths at the prison from the virus. Also, the government points out that Reynolds fails to mention that he previously contracted and recovered from COVID-19 in October of 2020. (See Doc. 709 at 14). Further, Reynolds does not allege that he is suffering from any lasting

symptoms from having COVID-19. The fact of his successful recovery from the virus, as well as the numerous other inmates who have recovered, demonstrates that Reynolds is receiving proper medical treatment at the prison. It also appears to show that if Reynolds contracts the virus again, he is likely to recover a second time without serious and permanent complications. In short, Reynolds failed to meet his burden to demonstrate that he faces a high risk of serious consequences from COVID-19.

Additionally, even assuming that Reynolds had met his burden by showing extraordinary and compelling reasons, in considering the applicable factors set forth in 18 U.S.C. §3553(a), as the government summarizes, (Doc. 709 at 31-32), in its opposition brief:

> Reynolds is serving a sentence of 360 months (at the bottom of his guidelines of 360 months to life). His conviction stem from Reynolds attempt to support terrorism by attempting to enlist units of Al Qaeda to bomb interstate gas pipeline facilities and providing target locations, bomb making advice, and diagrams to assist such activity. Reynolds also sent numerous emails, elicited at trial, which sought to enlist Al Qaeda “crews” to strike gas pipelines in Wyoming, Pennsylvania, and New Jersey. Reynolds also possessed the hand grenade recovered from his storage locker in Pennsylvania on or before the date of his arrest, December 5, 2005.
>
> Reynolds was arrested and has been in federal custody since December 5, 2005. He was sentenced on November 6, 2007. He thus has served approximately 181 months of his 360 months sentence. While 181 months is undoubtedly a significant sentence, it only represents 50.2% of his term of imprisonment. Granting him immediate release at this time would not only result in a sentence that falls well below his guidelines range of 360 months to life. Additionally, such a result would effectively remove any sentence for Count 2 of the

> indictment, attempting to provide material support and resources to damage or destroy property used in commerce by means of fire or explosive, and to damage or attempt to damage an interstate gas pipeline, in violation of 18 U.S.C. 2339A. Such a result would also not adequately account for the serious nature and circumstances of the offenses, the need to promote respect for the law, or the need to afford adequate deterrence.

The court finds that defendant Reynolds still poses a very grave and real danger to the safety of the community based on the extremely serious nature of his current terroristic related convicted offenses, (which he continues to minimize in his filings by attempting to attack and distinguish the factual bases for his convictions and by repeating his baseless allegations that the FBI repeatedly "lied" to the grand jury and the court, including that evidence was planted in his case resulting in his "illegal arrest" in order to obtain "a completely fabricated conviction"), as well as the facts regarding his convictions detailed in the PSR and in the court's prior decisions in this case which supported his 30-years' prison sentence. The court also notes that in the numerous filings of Reynolds after his sentence, including his instant filings, he has shown absolutely no signs of remorse. Rather, he continues to challenge his convictions and raise issues that are simply not pertinent to his instant motion. In fact, Reynolds, in large part, raises issues and presents so-called evidence which must be presented in a successive §2255 motion, which he has not received permission from the Third Circuit to file. As the government summarizes, (Doc. 709 at 1), Reynold's instant filings "[are] best construed as a second or successive motion under 28 U.S.C. §2255, filed without prior authorization, and focus[] on the previously ruled upon legal challenges to the defendant's trial and sentence." In short, the issues Reynolds largely raises in his instant voluminous filings were the subjects of his previous §2255 motions and decided by the court, and will not be considered herein.

> The court finds that granting his request for immediate release from prison, which would substantially reduce his sentence to one considerably below his advisory guidelines range of 360 months to life, is not warranted.

Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 725).

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). A motion under §2255 is "'inadequate or

ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted). If a petitioner

improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner attempts to challenge his 2007 criminal conviction and sentence, based on issues that have previously been raised, or could have been raised in a §2255 motion. As discussed above, to proceed under

§2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion.

Reynolds' lack of success in his direct appeal or his subsequent §2255 motions does not render §2255 inadequate or ineffective to address Reynolds' challenge to his conviction and sentence. "The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Reynolds' petition for a writ of habeas corpus, challenging his underlying conviction and sentence under 28 U.S.C. §2241, for lack of jurisdiction.

To the extent that Reynolds seeks compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), this Court denies Petitioner's motion for the

reasons set forth in its February 10, 2021 Order. See, Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 725).

With respect to Reynolds' claim that he has been exposed to COVID due to SCI-Greenville employing "unlicensed 'Doctor' Ahmed," such claim goes to the conditions of Petitioner's confinement and is not cognizable in habeas. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking something other than the fact or length of his confinement); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (finding that when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate).

## III. Conclusion

For the foregoing reasons, Reynolds' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. Reynolds' request for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) is denied for the reasons set forth in this Court's February 10, 2021 Order. Finally, because Petitioner is not detained because of a process

issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 3, 2021**
20-2178-01